NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

BRANDON TERRELL MILES, *Appellant*.

No. 1 CA-CR 15-0849
FILED 11-3-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-001926-001
The Honorable Michael W. Kemp, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jon W. Thompson and Chief Judge Michael J. Brown joined.

---

**J O H N S E N**, Judge:

**¶1**　　　　Brandon Terrell Miles timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his conviction of two counts of sexual assault, Class 2 felonies; two counts of sexual abuse, Class 5 felonies; kidnapping, a Class 2 felony; and aggravated assault, a Class 6 felony. Miles's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999). Miles was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Miles's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**　　　　Late one evening in December 2011, a woman left her apartment to empty her trash in a nearby dumpster.[1] Upon her return, just after she unlocked the front door to reenter, a man grabbed her and pushed her into her apartment. After closing the front door behind him, the man shoved the woman's face against the wall, threatening to choke her if she was not quiet. From there, the man took the woman into the master bedroom, where he removed her shorts and applied "lubricant" to her vagina and anus with his hands. The man then penetrated the woman's vagina and anus with his penis, ejaculated and then left the apartment.

**¶3**　　　　A sexual assault nurse examiner saw the woman later that night and took swabs of the woman's neck, ears, external genitals, vagina and anus. Later, a forensic scientist found sperm on the vaginal and anal

---

[1]　　　　Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Miles. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

swabs. The DNA profile extracted from the sperm was uploaded into a nationwide database. In 2014, the DNA was matched to Miles.

¶4　　　　A jury convicted Miles of two counts of sexual assault under Arizona Revised Statutes ("A.R.S.") section 13-1406 (2016), two counts of sexual abuse under A.R.S. § 13-1404 (2016), one count of kidnapping under A.R.S. § 13-1304 (2016), and one count of aggravated assault under A.R.S. § 13-1204 (2016).[2] The superior court sentenced Miles to a total of 21.5 years' incarceration, with 521 days of credit for presentence incarceration. The court also sentenced Miles to lifetime probation upon his release.

¶5　　　　Miles timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2016), 13-4031 (2016) and -4033 (2016).

## DISCUSSION

¶6　　　　All of the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The record shows Miles was present for all critical pretrial and trial proceedings. Miles was represented by counsel in all pretrial proceedings and throughout the trial.

¶7　　　　The superior court did not conduct a voluntariness hearing; however, neither Miles nor the evidence raised a question about the voluntariness of his statements. *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974). Further, the court instructed the jury that it should not consider Miles's statement's unless it found them to be voluntary. Given the possible sentences to be imposed on the crimes with which Miles was charged, the court properly empaneled 12 jurors. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury returned unanimous verdicts, which were confirmed by juror polling.

¶8　　　　Miles had an opportunity to speak before sentencing. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Miles was convicted**.**

---

[2]　　　　Absent material revision after the date of an alleged offense, we cite a statute's current version.

## CONCLUSION

**¶9** We have searched the entire record for reversible error and found none. Accordingly, we affirm Miles's convictions and resulting sentences.

**¶10** After the filing of this decision, counsel shall inform Miles of the status of the appeal and his options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Miles has 30 days from the date of this decision to file a *pro per* motion for reconsideration, if he so desires. Miles has 30 days from the date of this decision to file a *pro per* petition for review, if he so desires.



AMY M. WOOD • Clerk of the Court
FILED: AA